UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-21491-Civ-COOKE/TORRES

BEAUTYTECH, INC.,
a Florida corporation,

    Plaintiff,

vs.

FLAGEOLI CLASSIC LIMITED,
a Nevada Limited Liability Company,

    Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

THIS MATTER is before me on Defendant's Motion to Dismiss Plaintiff's Complaint for Failure to State a Cause of Action for Which Relief May Be Granted (ECF No. 5). Plaintiff Beautytech, Inc. filed its Response in Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint for Failure to State a Cause of Action (ECF No. 13), to which Defendant Flageoli Classic Limited submitted its Reply to Plaintiff's Response in Opposition to Motion to Dismiss Complaint (ECF No. 14). Therefore, Defendant's Motion to Dismiss is fully briefed and ripe for adjudication. I have reviewed Defendant's Motion to Dismiss, the Response and Reply thereto, the record, and the relevant legal authority. For the reasons provided herein, Defendant's Motion to Dismiss is granted in part and denied in part.

### I.  BACKGROUND

Plaintiff Beautytech, Inc. ("Plaintiff" or "Beautytech") brings this action against Defendant Flageoli Classic Limited seeking damages as a result of Defendant's alleged breach of an oral contract, or, in the alternative, for damages under promissory estoppel. Plaintiff originally brought this action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County and Defendant removed to this Court under diversity jurisdiction.

Plaintiff alleges that sometime in January 2012 in Los Angeles, California, Defendant's agent and manager, George Simon, entered into a verbal contract with Plaintiff to purchase 100,000 Serious Sonic Cleansing Handheld Tools at a price of $21.25 per unit. Compl. ¶¶ 8-9. Relying on that verbal contract, Plaintiff designed and updated the product in question, re-designed the product's mold, and was prepared to deliver 100,000 units to Defendant. *Id.* ¶ 11. Plaintiff claims that Defendant purchased 10,000 units but then refused to purchase the additional 90,000 units it had contracted for. *Id.* ¶ 12.

Plaintiff brings claims for Breach of Contract (Count I) and Promissory Estoppel (Count II) against Defendant. On these counts, Plaintiff prays for an entry of judgment against Defendant for actual damages, consequential damages, costs, pre-judgment and post-judgment interest, attorneys' fees and costs, and such further relief that this Court deems just and proper. *Id.* at ¶¶ 14-23.

## II. LEGAL STANDARD

A complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that a plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face."). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. A complaint's factual allegations must be enough to raise a right to relief above speculative level. *Id.* Detailed factual allegations are not required, but a pleading "that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. at 555).

A court need not have to accept legal conclusions in the complaint as true. *See Ashcroft v. Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. When a plaintiff pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *See id.* at 678.

The purpose of a motion to dismiss is to test the facial sufficiency of a complaint. *See Hermoza v. Aroma Restaurant, LLC*, No. 11-23026-CIV, 2012 WL 273086, at *1 (S.D. Fla. Jan. 30, 2012). Therefore, a court's consideration when ruling on a motion to dismiss is limited to the complaint and any incorporated exhibits. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).

## II. DISCUSSION

### A. Count I: Breach of Contract

The Defendant moves to dismiss Plaintiff's Complaint on the grounds that "Plaintiff is essentially asking this Court to enforce a verbal contract for the sale of goods in excess of $500 and disregard the basic tenets of the Statute of Frauds." Def.'s Mot. to Dismiss 2, ECF No. 5. The Plaintiff maintains that the oral contract at issue falls outside the Statute of Frauds because (1) the goods were to be specially manufactured by Plaintiff for Defendant; (2) the goods designed and manufactured for Defendant are not suitable for sale to others in the ordinary course; (3) Plaintiff has completed the manufacturing of 10,000 goods for Defendant and was ready, willing, and able to deliver the remaining 90,000 goods; and (4) Plaintiff made numerous commitments for the procurement of the goods for Defendant. *See* Resp. in Opposition to Def.'s Mot. to Dismiss 5, ECF No. 13.

As an initial matter, this Court must first determine which law to apply in interpreting the oral contract at issue. A court sitting in diversity must apply the choice of law rules of the forum state. *See American Family Life Assur. Co. v. United States Fire Co.*, 885 F.2d 826, 830 (11th Cir. 1989). With respect to issues of contract interpretation, Florida uses the *lex loci contractus* approach, such that the law of the state where the contract is made controls. *See Fioretti v. Mass. Gen. Life. Ins. Co.*, 53 F.3d 1228, 1236 (11th Cir. 1995); *see also Sturiano v. Brooke*, 523 So.2d 1126, 1129 (Fla. 1988). Here, the Complaint indicates that the oral contract was entered into in Defendant's office in Los Angeles, California. As such, California law governs the interpretation of this oral contract for the sale of 100,000 Serious Sonic Cleansing Handheld Tools.[1]

---

[1] Both parties failed to address the issue of choice of law in their motion papers and erroneously indicated that Florida law governed the interpretation of the oral contract at issue. However, since both Florida and California have adopted the Uniform Commercial Code, the substantive analysis remains the same. *See Weimar v. Yacht Club Point Estates, Inc.*, 223 So.2d 100, fn. 3 (Fla. Dist. Ct. App. 1969) ("The Florida legislature has seen fit to adopt the Uniform Commercial Code. The Code became effective 12:01 a.m. on January 1, 1967.); *see also Goldie v. Bauchet Properties*, 15 Cal.3d 307, 314 (Cal. 1975) ("the Uniform Commercial Code

To state a claim for breach of contract under California law, plaintiff must plead: (1) the existence of the contract; (2) plaintiff's performance or excuse for nonperformance of the contract; (3) defendant's breach of the contract; and (4) resulting damages. *See Reichert v. Gen. Ins. Co. of America*, 68 Cal. 2d 822, 830 (Cal. 1968). Under California's Statute of Frauds, contracts for the sale of goods in excess of $500 are not enforceable unless in writing. *See* Cal. U. Com. Code § 2201(1). However, oral contracts will be enforced if they satisfy one of the Statute of Frauds three exceptions, including an exception for goods that are "specially manufactured for the buyer," are "not suitable for sale to others in the ordinary course of the seller's business," and for which the seller "has made either a substantial beginning of their manufacture or commitments for their procurement." Cal. U. Com. Code § 2201(3)(a). Additionally, even though the Statute of Frauds is an affirmative defense, *see* Fed. R. Civ. P. 8(c)(1), and "[t]ypically, a defendant does not have an opportunity to prove affirmative defenses in a motion to dismiss, as affirmative defenses do not constitute elements of a plaintiff's claim…'dismissal under rule 12(b)(6) may be appropriate based on a successful affirmative defense [][if] that defense…appear[s] on the face of the complaint.'" *Murphy v. DCI Biologicals Orlando, LLC*, 2013 WL 6865772, at *5 (M.D. Fla. Dec. 31, 2013) (citations omitted) (alterations in original).

Here, Plaintiff alleges that Defendant breached a verbal contract for the sale of 100,000 Serious Sonic Cleansing Handheld Tools, at a price of $21.25 per unit, for a total of over $2,125,000. On its face, this is an oral contract for the sale of goods in excess of $500. Plaintiff also alleges that it "(i) designed and updated the Device, (ii) re-designed the Device mold, and (iii) was ready, willing, and able to deliver one hundred thousand (100,000) Devices to [Defendant Flageoli Classic Limited]." Compl. ¶ 11. However, Defendant takes the position that Plaintiff has not met the exception to the Statute of Frauds because it failed to allege in its Complaint "(1) that the goods were specially manufactured for the Defendant; (2) that the goods were not suitable for sale to other buyers in the ordinary course of Plaintiff's business; (3) or that Plaintiff even started to manufacture the remaining 90,000 units." Def.'s Reply to Pl.'s Res. 3. ECF No. 14.

Plaintiff has failed to sufficiently allege whether the goods in question were specially

---

with certain amendments was adopted in California at the 1963 Regular Session of the Legislature, becoming effective January 1, 1965.).

manufactured for the Defendant, whether they could not otherwise be sold to others, and whether or not Plaintiff actually manufactured the 90,000 units in question.  Because the complaint has a "built in affirmative defense" and the Plaintiff has failed to state all of the elements that would make the oral contract at issue in Count I enforceable, it has failed to state a claim upon which relief may be granted.  Thus, Defendant's motion to dismiss will be granted as to Count I of the Complaint and Plaintiff may amend its Complaint to set forth the allegations sufficient to make Count I an enforceable contract under Cal. U. Com. Code § 2201(1).  *See* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1226 (3d ed. 1998) (noting the pleading for "built in affirmative defenses).

### B. Count II: Promissory Estoppel

Defendant argues that under Florida law, the doctrine of promissory estoppel cannot be used to circumvent the statute of frauds.  However, under California Commercial Code section 1103(b) "[u]nless displaced by the particular provisions of this code, the principles of law and equity, including…estoppel…supplement its provisions."  The doctrine of promissory estoppel "operates as an exception to the statute of frauds under California law." *Peterson v. Bank of America, N.A.*, 2010 WL 1881070, at *6 (S.D. Cal. May 10, 2010) (holding that the statute of frauds was not a bar to plaintiffs' promissory estoppel claim) (citing Cal. Civ. Code § 1698(d); *Garcia v. World Sav., FSB*, 183 Cal. App. 4th 1031 (Cal. 2010) ("[T]o the extent appellants' claim is premised on promissory estoppel, neither section 1698 nor the statute of frauds will defeat their claim.")); *see also Park v. U.S. Bank Nat. Ass'n*, 2011 WL 410221, at *11 (S.D. Cal. Sept. 13, 2011) ("To the extent Plaintiffs allege a promissory estoppel claim, the Court finds that it is inappropriate to dismiss the claim at this state on the basis of the statute of frauds.").  Therefore, to the extent that Plaintiff is able to allege sufficient facts to state a claim for promissory estoppel, such a claim would not be barred by the statute of frauds.

To state a claim for promissory estoppel, Plaintiff must allege that Defendant: (1) made a promise that was clear and unambiguous in its terms; (2) that Plaintiff relied on that promise; (3) that Plaintiff's reliance on the promise was reasonable and foreseeable; and (4) Plaintiff was injured as a result of its reliance on the promise.  *See Aceves v. U.S. Bank, N.A.*, 192 Cal. App. 4th 218, 225 (Cal. 2011).  Here, Plaintiff asserts that Defendant "promised to purchase one hundred thousand (100,000) devices" and that it "reasonably and

detrimentally relied upon [Defendant's] statements and promises," incurring "travel costs, manufacturing and production costs, shipping costs, and costs for designing and updating the Device and Device mold."  Compl. ¶¶ 20-21.  Plaintiff has sufficiently alleged its claim under promissory estoppel.  Therefore, Defendant's motion to dismiss Count II is denied.

### III.     CONCLUSION

Defendant's Motion to Dismiss Plaintiff's Complaint for Failure to State a Cause of Action for Which Relief May Be Granted (ECF No. 5) is **GRANTED *in part* and DENIED *in part***.  Plaintiff shall have fifteen (15) days within which to amend Count I of its Complaint.

**DONE and ORDERED** in chambers, at Miami, Florida, this 26th day of February 2015.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of Record*

6